1
2
3
4
5           **UNITED STATES DISTRICT COURT**
6              **DISTRICT OF NEVADA**
7
8  PHILLIP C. ZINNI, III and JANET         2:11-CV-1479 JCM (CWH)
   GAYE GARCIA,
9
              Plaintiffs,
10
11 v.
12 MORTGAGE ELECTRONIC
   REGISTRATION SYSTEMS, INC., et
13 al.,
14
              Defendants.
15
16                                    **ORDER**

17     Presently before the Court is Plaintiffs Phillip Zinni, III and Janet Gaye Garcia's Ex Parte

18 Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. #2). This

19 Motion has been filed on an emergency basis.

20     The property at issue in this case is located at 2805 Soaring Peak Avenue, Henderson,

21 Nevada, 89052. (Doc. #1). Plaintiffs purchased this property with a $692,000 mortgage loan. (Doc.

22 #1). On the face of the complaint, Plaintiffs do not dispute that they are in default on their loan. (*See*

23 Doc. #1). Instead, Plaintiffs assert that they do not owe these foreclosing defendants any money.

24 (Doc. #2). There is no indication that Plaintiffs have requested a mediation pursuant to NRS

25 107.086.

26     Plaintiffs request that this Court enter a temporary restraining order to prevent the defendants

27 from (1) conducting a trustee's sale scheduled for September 19, 2011, (2) recording of any deeds

28

**James C. Mahan**
**U.S. District Judge**

or mortgages regarding the subject property, (3) taking other actions to deprive Plaintiffs of ownership and control of the subject property, and (4) making reports regarding Plaintiffs to credit reporting agencies. (Doc. #2).

## Standard for Temporary Restraining Order

According Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue injunctive relief: (1) a likelihood of success on the merits; (2) possibility of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

This analysis creates a continuum: the less certain a district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992). More specifically, the Ninth Circuit has described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000). To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits. *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987).

**1.   Likelihood of Success**

Plaintiffs argue that they have a strong likelihood of success on the merits of their fraud, wrongful foreclosure, unjust enrichment, NRS Chapter 107, and slander of title causes of action. (Doc. #2). The crux of Plaintiffs argument is that MERS lacked the authority to assign both the note and the deed of trust. According to Plaintiffs, because MERS lacked this authority, its subsequent attempts to assign the note and the deed of trust to the foreclosing defendants are invalid. Thus, the current foreclosing defendants also lack the authority to foreclose. (Doc. #2). Plaintiffs also assert

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  defendants did not attach a copy of the promissory note to the notice of trustee's sale and various
2  other statutory deficiencies. (Doc. #2). Plaintiffs argue that this is a violation of NRS 107.085(3)(b).
3  (Doc. #2).

4        As an initial matter, Plaintiffs do not claim that they are not in default on their mortgage loan.
5  Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender
6  wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner
7  was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev.
8  284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact
9  about whether nonpayment was appropriate).

10        Further, Plaintiffs assert that none of the Defendants can properly foreclose on the property
11 because MERS originally lacked the authority to assign the note and the deed of trust. (Doc. #2).
12 Similar arguments have not fared well before other courts in this District and do not demonstrate the
13 strong likelihood of success on the merits required to issue an injunction. *See e.g. Gomez v.*
14 *Countrywide Bank, FSB.*, 2009 WL 3617650 (D. Nev. 2009) (dismissing similar claim where there
15 was no indication that a competing holder of the note challenged the foreclosure since such evidence
16 is easily obtainable and judicially noticeable); *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp.
17 2d 1276, 1282 (D. Nev. 2010) (where foreclosure occurred, defendants could easily defeat claim of
18 wrongful foreclosure by providing evidence that owner of debt does not object to foreclosure); *Kwok*
19 *v. Recontrust Company, N.A.*, 2010 WL 3894183, (D. Nev. 2010) (denying motion for temporary
20 restraining order and holding "the ever-expanding body of case law within this district holds that the
21 Nevada law governing nonjudicial foreclosure, NRS § 107.080, does not require a lender to produce
22 the original note as a prerequisite to nonjudicial foreclosure proceedings").

23        Plaintiffs have not established a "strong" likelihood of success on the merits. The Court is
24 not inclined to hold that Plaintiffs are likely to succeed on the merits, especially in light of the *ex*
25 *parte* nature of this motion.

26        Additionally, Plaintiffs' own motion seems to be confused about the nature of these
27 emergency proceedings. At various points in the brief, Plaintiffs ask this Court to "deny the motion
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  to dismiss." Currently, there has been no motion to dismiss filed in this case. The only motion
2  pending before the Court is Plaintiffs' motion for a temporary restraining order. The confused status
3  of the moving papers undermines plaintiffs' assertions of a "strong likelihood of success." Again,
4  based on this motion, the Court is not inclined to find that the plaintiffs are likely to succeed on the
5  merits.

6  **2.    Irreparable Injury**

7  Nevada law allows the Court to declare a trustee's sale void. *See* NRS 107.080(5). Therefore,
8  plaintiffs have not provided specific facts that show "immediate and irreparable injury, loss, or
9  damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV.
10 P. 65.

11 **3.    Balance of Hardships**

12 The Court notes that the notice of trustee's sale was notarized on August 23, 2011. (Doc. #2,
13 Ex. 6). While it is unclear from the record exactly when plaintiffs received this notice, Plaintiffss
14 have been aware of defendants' intent to conduct a trustee's sale since at least May 2011. (Doc. #2,
15 Ex. 5). Nevertheless, Plaintiffs waited until three business days before the trustee's sale date to
16 institute the instant proceeding in federal court. This failure to timely bring the instant motions
17 effectively prevents the defendants from responding to this emergency motion. The Court, therefore,
18 does not have the benefit of the adversarial system to develop a full picture of the relevant issues.
19 Thus, the balance of hardships factor weighs against granting the temporary restraining order.

20                                        **Conclusion**

21 Plaintiffs have failed to demonstrate (1) a likelihood of success on the merits, (2) immediate
22 and irreparable injury, or (3) a balance on hardships in their favor. Under these circumstances, a
23 temporary restraining order is not warranted.
24 Accordingly,
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction (doc. #2) be, and the same hereby is, **DENIED**.

DATED September 15, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -